**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **M. ARTHUR GENSLER, JR. & ASSOCIATES, INC.,** | ) | |
| **Plaintiff,** | ) | **11 C 3945** |
| **v.** | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **JAY MARSHALL STRABALA, individually and doing business as 2DEFINE ARCHITECTURE,** | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

M. Arthur Gensler, Jr. & Associates, Inc. ("Gensler") has sued Jay Marshall Strabala, individually and doing business as 2DEFINE Architecture ("Strabala"), pursuant to § 43(a) of the Lanham Act for trademark infringement and false advertising, 15 U.S.C. § 1125(a)(1)(A), (B), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/1 et seq. and the Illinois Deceptive Trade Practices Act, 815 Ill. Comp. Stat. § 510/1 et seq. The case is before the Court on Strabala's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons provided below, the Court grants the motion.

**Facts**

From March 2006 to February 2010, Gensler employed Strabala as Design Director, *i.e.*, an architect. (Compl. ¶ 9.) While working for Gensler, Strabala worked on and participated in the design of several buildings, including the Shanghai Tower, Hess Tower, Houston Ballet

Center, Three Eldridge Place in West Houston, Texas and Tesoro Corporation's headquarters. (*Id.* ¶¶ 10-14.)

Upon leaving the employ of Gensler, Strabala began doing business as an architect under the business name 2DEFINE Architecture, with offices in Chicago, Illinois, Shanghai, China and Seoul, South Korea. (*Id.* ¶ 15.) Strabala promotes his architecture business through a personal website, www.define-arch.com, and a Flickr website. (*Id.* ¶¶ 17, 20.) On the personal website, Strabala claims to have designed the Burj Khalifa in Dubai, United Arab Emirates; the Nanjing Greenland Financial Center in Nanjing, China; and the Shanghai Tower in Shanghai, China. (*Id.* ¶ 21.) On the Flickr website, Strabala professes to have designed architectural works such as the Houston Ballet Center for Dance, Three Eldridge Place, Hess Tower, and the headquarters of the Tesoro Corporation. (*Id.* ¶ 22.) Gensler has sued Strabala to prevent him from maintaining that he is the origin of design of said architectural works. (*Id.* ¶ 50.)

## **Discussion**

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Gensler contends that Strabala's declaration of design of the listed buildings constitutes false designation of origin and false advertising in violation of the Lanham Act and state trademark laws. The Court disagrees.

The Lanham Act states that:

> Any person who, on or in connection with any goods or services, or any container of goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act.

§ 1125(a)(1); *see Kennedy v. Nat'l Juvenile Detention Ass'n*, 187 F.3d 690, 695-96 (7th Cir. 1999) (outlining elements of Lanham Act claim).

Gensler argues that Strabala's touting himself as the architect of the aforementioned buildings falls within the definition of false designation of origin. (Pl.'s Opp'n Def. Mot. Dismiss 4.) The Supreme Court's holding in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 27 (2003), suggests otherwise. In that case, plaintiff Twentieth Century Fox sued defendant Dastar Corp. under the Lanham Act for publishing on videotape a television series that was already in the public domain without attributing the authorship of the television series back to the original author. *Id.* The Supreme Court noted that plaintiff's claim hinged on the definition of origin of goods and whether "origin" included the creator or author of the underlying work or just the physical goods that are made available to the public. *Id.* at 31 (quoting § 43(a)(1)(A) of the Lanham Act). The *Dastar* Court held that:

> reading the phrase "origin of goods" in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality or creativity), and in light of the copyright and patent laws (which were), we conclude that the phrase refers to the producer of the tangible goods that are

> offered for sale, and not to the author of any idea, concept, or communication embodied in those goods.

*Id.* at 37.

Gensler urges a more expansive reading of the Lanham Act to protect the authorship of its architectural works and cites *Landrau v. Solis-Betancourt*, 554 F. Supp. 2d 102, 109-10 (D.P.R. 2007), as support. (Pl.'s Opp'n Def. Mot. Dismiss 8.) As in this case, the plaintiff in *Landrau* sued defendant for trademark infringement because defendant claimed it was the author of an architectural design. 554 F. Supp. 2d at 109-10. However, the *Landrau* court held that plaintiff could assert such a false authorship claim under the Lanham Act and denied defendant's motion for summary judgment. *Id.* This Court does not find *Landrau* persuasive because the *Landrau* court failed to apply, or even cite, the holding in *Dastar*. *See Landrau*, 554 F. Supp. 2d at 107, 109-10; *id.* (failing to apply or cite *Zyla v. Wadsworth*, 360 F.3d 243, 251-52 (1st Cir. 2004), which applied *Dastar*'s holding).

This Court bases its holding on the controlling authority of *Dastar* and the persuasive authority of federal appellate court holdings that have dismissed trademark claims based on *Dastar*. 539 U.S. at 37; *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1142 (9th Cir. 2008); *Zyla v. Wadsworth*, 360 F.3d at 251-52. Both the First and Ninth Circuits have recognized that where there is an alleged statement of false authorship, *Dastar* controls and such claims should be pursued under copyright law. *Sybersound*, 517 F.3d at 1142; *Zyla*, 360 F.3d at 251-52. In *Sybersound*, where a karaoke record producer asserted violations of the Lanham Act for the defendant's misrepresenting in advertisements that it had copyright licensing status for songs used in its recordings, the court dismissed the Lanham Act claims based on *Dastar* to avoid overlap between the Lanham and Copyright Acts and to prevent expansion of copyright law. 517 F.3d at 1141. In *Zyla*, which involved a dispute over authorship attribution of a new

edition of a college textbook, the court found that the Lanham Act claims were barred by *Dastar* because failure to credit others for the creative content of a good falls under copyright, not trademark, law. *Zyla*, 360 F.3d at 246, 252. Similar to barred Lanham Act claims in *Sybersound* and *Zyla*, *Dastar* bars Gensler's claim against Strabala for false authorship of certain architectural plans. Accordingly, the Court grants defendant's motion to dismiss the false designation of origin claim under § 43(a)(1)(A) of the Lanham Act.

Gensler also raises a claim for false advertising under § 43(a)(1)(B) of the Lanham Act. (Pl.'s Opp'n Def. Mot. Dismiss 6.) § 43(a)(1)(B) of the Lanham Act states that any person who ". . .in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic *origin* of his or her or another person's *goods*, services, or commercial activities, shall be liable in a civil action . . . ." 15 U.S.C. § 1125(a)(1)(B) (emphasis added).

*Dastar* holds that "origin of goods" with regard to § 43(a)(1)(A) of the Lanham Act "refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods." 539 U.S. at 37. Because the statutory terms "origin" and "goods" in § 43(a)(1)(B) is identical to that in § 43(a)(1)(A), the Court holds that the Lanham Act does not provide a cause of action for false advertising where the claim is based on the authorship of a creative work. Under the analysis discussed above, the Court grants Strabala's motion to dismiss Gensler's false advertising claims.

Gensler correctly concedes that its claims under the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Deceptive Trade Practices Act rise and fall with its Lanham Act claims. *See MJ & Partners Rest. Ltd. P'ship v. Zadikoff*, 10 F. Supp. 2d 922, 929 (N.D. Ill. 1998) ("[T]he legal inquiry is the same under the Lanham Act as under the Consumer Fraud Act and the Deceptive Trade Practices Act."); *BlueStar Mgmt. v. The Annex*

*Club, LLC*, No. 09 C 4540, 2010 WL 2802213, at *8 (N.D. Ill. July 12, 2010). Because the Court has dismissed plaintiff's Lanham Act claims, the Court dismisses these state law claims as well.

## Conclusion

For the reasons set forth above, the Court grants defendant's Rule 12(b)(6) motion to dismiss [doc. no. 16]. Plaintiff shall amend the complaint within fifteen days. If plaintiff fails to do so, the Court will dismiss this suit with prejudice with the understanding that plaintiff no longer wishes to pursue this litigation.

**SO ORDERED.** **ENTERED: February 21, 2012**

Ronald A. Guzman

**HON. RONALD A. GUZMAN**
**United States District Judge**